**Receipt number AUSFCC-6281157**

# UNITED STATES COURT OF FEDERAL CLAIMS

## (CONTRACT CLAIM)

| | |
|---|---|
| JUST IN TIME STAFFING, Inc.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br>Defendant. | Civil Action No.:   **20-802C** |

**COMPLAINT REGARDING CONTRACT CLAIM OF JUST IN TIME STAFFING CONTRACT NO. V797P-4747A, ORDER NO. W81K00-14-F-00017.**

Joseph A. Whitcomb
Whitcomb, Selinsky, PC
1391 Speer Blvd., #705
Denver, CO 80204
(303) 534-1958 Telephone
(303) 534-1949 Fax
Just in Time Staffing

July 1, 2020

**COMPLAINT, CONTRACT CLAIM OF
JUST IN TIME STAFFING**

1.      Just In Time Staffing, Inc. ("JITS"), a Texas company, the Plaintiff, by and through its undersigned counsel, hereby sues THE UNITED STATES OF AMERICA, the Defendant, and in its cause of action against the Defendant alleges: The Department of the Army, United States Army Medical Command, US Army Health Contracting Activity, Regional Health Contracting Office-Central (MEDCOM), directed JITS to negotiate a Collective Bargaining Agreement ("CBA") which was a breach of contract. The performance of this additional work cost JITS $105,000.76. This function was outside the scope of the Contract Number V797P-4747A ("Contract"), Order Number W81K00-14-F-00017 ("Order").

2.      JITS presented a timely Request for an Equitable Adjustment ("REA") to the Contracting Officer ("CO") on March 9, 2016. The CO denied JITS claim on April 26, 2016.  JITS subsequently filed a complaint with this court on October 4, 2016, Civil Action No.: 16-1268 C, which was dismissed on June 11, 2019.  Several counts were dismissed based on a lack of jurisdiction because the court found that the facts and theories alleged in the complaint differed materially from the original REA, and therefore no final administrative action had been taken as they had never been presented to the CO.  On August 1, 2019 JITS submitted a new claim to the CO, which was denied in its entirety on January 29, 2020.   JITS now comes before this court to appeal the CO's final decision pursuant to the Contract Disputes Act ("CDA"). The description of the dispute is set forth at length herein.

3.      In this Complaint, JITS seeks judgment that (1) MEDCOM breached its contract by requiring additional, and unanticipated, to JITS; (2) that MEDCOM must reimburse JITS for the costs of performing this function which was outside the scope of the Contract and Order; and, (3) for attorney's fees and costs.

## PARTIES

4. The Plaintiff, JUST IN TIME STAFFING is a Service-Disabled Veteran-Owned Small Business ("SDVOSB") that places nurses, health technicians and medical administrative personnel on contract assignments nationwide under Federal contracts to the U.S. Government. JITS was the prime contractor to MEDCOM on Contract V797P-4747A, Order No. W81K00-14-F-0001, which was awarded on April 1, 2014 as a total small business set-aside type procurement.

5. The Defendant, the United States of America, Department of the Army, United States Army Medical Command, US Army Health Contracting Activity, Regional Health Contracting Office- Central 36001 Darnall Loop, Rms 339, 341 & 342, Fort Hood, Texas 76544-4752 (hereinafter "MEDCOM," "Government" or "Agency") is a Federal agency procuring products and services through Federal contracts for the United States Government.

## JURISDICTION AND STANDING

6. The jurisdiction of this Court is based upon the Contract Disputes Act of 1978, as amended, 41 U.S.C. §601 et seq., and in particular 41 U.S.C. §609(a)(l) thereof, and the Tucker Act, as amended, 28 U.S.C. §1491 et seq., and in particular 28 U.S.C. §§1491(a)(l) -(2) thereof; and as amended by the Administrative Disputes Resolution Act of 1996, Public Law Number 104-320, § 12(a), 110 Stat. 3870, 3874-75 (codified at 28 U.S.C.A. § 1491(b)).

7. The complaint is timely as it comes less than one-year from the CO's denial of JITS' contract claim filed pursuant to 41 U.S.C.A. § 7104.

8. Standing arises from the sum certain injury to JITS by MEDCOM's failure to reimburse it for the costs it was forced to incur at the direction of the CO that were outside, or in addition to, the scope of the contract. JITS presented a valid certified claim, in excess of $100,000.00, to

the MEDCOM CO. The CO issued a final decision. JITS is now appealing that final decision. Pursuant to the Contract Disputes Act (41 U.S.C. § 601 (1978)) this appeal is properly filed with the Court.

## FACTUAL BACKGROUND

9. JITS was awarded the above referenced Contract and Order and through that vehicle provided administrative staffing to MEDCOM. When the subject contract and order was awarded, no CBA existed between MEDCOM and the International Union of Operating Engineers Local Union 351, AFL-CIO ("Union"). However, despite the lack of an existing CBA between MEDCOM and the Union, the Union filed a petition with the National Labor Relations Board ("NLRB") during the base contract period seeking to require JITS non-government employee subcontractors to vote to become members of a labor union. The Union sought to unionize JITS' temporary, contractual service workers, thereby enabling the Union to transfer the terms and conditions of a resulting CBA to the Federal employees of MEDCOM performing substantially similar work.

10. Pursuant to Federal Acquisition Regulations ("FAR"), JITS did not undertake any action to persuade employees to exercise or not to exercise their rights to organize and bargain collectively. However, as a result of the union activity that was directed at JITS' subcontracted service providers, JITS encountered substantially changed conditions that differed from what it agreed to do for a fixed sum pursuant to the Contract and Order.

11. On information and belief, the CO instructed JITS principal, Mr. Robert Eskridge, to negotiate the terms of the CBA with the labor union. The CO further instructed Mr. Eskridge that JITS must negotiate reasonable rates otherwise the government would not pay for any increases in labor costs.

12. Rather than waiting to file a FAR contract dispute once the contract closed, JITS initially elected to seek an equitable adjustment of the contract amount based on the constructive change in its firm fixed price contract. JITS requested that MEDCOM modify the subject contract to include the additional costs JITS incurred negotiating a CBA. These costs amounted to $105,000.76. The total value of the award was $1,329,793.20.

## Relevant Solicitation Provisions

13. The Contract states "However, if the Contractor, as a result of such direction, becomes involved in litigation with a subcontractor, or is threatened with such involvement, the Contractor may request that the United States, through the Secretary, enter into such litigation to protect the interests of the United States." Section 52.222-17 (j) Nondisplacement of Qualified Workers, pg. 163 of 205.

14. The Contract explicitly states, "Contract employees shall perform services under the control and general supervision of the Chief of the Department in which they work or his/her designated government representative." See section C.1.1.1.4. of Pl. Ex. A, Contract, pg. 180 of 205.

15. The Contract ambiguously stated:

> (The relevant CBA section) in the collective bargaining agreement between (the parties) contains contingency language that Wage and Hour does not recognize as reflecting "arm's length negotiation" under section 4(c) of the Act and 29 C.F.R. 5.11(a) of the regulations. This wage determination therefore reflects the actual CBA wage rates and fringe benefits paid under the predecessor contract.

*See* Contract, Exhibit A, page 178 of 205.

16. A reasonable contractor reading the above statement would logically assume that the rates found in the preceding prevailing wage table would apply to the terms of the contract. JITS asserts that the evidence will demonstrate that within weeks of the contract award, the NLRB

notified JITS of its employees' authorization to collectively bargain. JITS was required to negotiate a CBA, both to remain in compliance with federal labor laws, which were explicitly made a part of the contract, and at the direction of the CO.

## COUNT ONE

## BREACH OF CONTRACT: CONSTRUCTIVE CHANGE

17. The Plaintiff incorporates by reference paragraphs 1 through 16.

18. The contract solicitation contained wage and hour determinations upon which JITS' offer was based. The contract further alluded to those determinations being based on a previously negotiated CBA.

19. The contract contained no explicit provisions to provide for, or directing the offeror to account for, the costs of negotiating and implementing a CBA. However, the contract required JITS to comply with all federal labor laws.

20. The CO directed JITS to negotiate a CBA with the union. The CO further directed that the negotiated rates must be "reasonable" or the government would refuse to pay any difference in cost.

21. JITS had no prior experience or expertise in negotiating a CBA, a complicated prospect for which JITS reasonably sought professional guidance and assistance, particularly in light of the CO's directive that rates must be "reasonable."

22. Negotiating a CBA that would ostensibly apply to many employees at MEDCOM other than JITS employees was not work that was directed or contemplated in the original contract. This additional work was a change in the contract for which JITS is entitled to at least recover its costs.

23. This change to the Firm Fixed Price Contract increased JITS costs by $105,000.76.

24.     Plaintiff respectfully requests the Court find the government changed the terms of the contract and that Plaintiff be awarded its additional costs.

## COUNT TWO

## BREACH OF CONTRACT: CARDINAL CHANGE

25.     The Plaintiff incorporates by reference paragraphs 1 through 24.

26.     The Government changed the contract unilaterally by requiring JITS to negotiate a CBA, to a specific standard of "reasonable" rates for labor.

27.     The Government introduced the terms after the contract was awarded and performed.

28.     Negotiating a CBA, which required JITS to hire outside professional services because it had no prior experience or expertise in union labor relations, was materially different from providing temporary staffing and outside the scope of the contract.

29.     Wherefore, Plaintiff, JITS respectfully requests the Court to rule that that the CO's unilateral changing of the contract resulted in a cardinal change in the contract terms, which resulted in financial harm to JITS of at least $105,000.67.

## COUNT THREE

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

30.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 29 as though fully set forth herein.

31.     The CO directed JITS to negotiate a CBA that contained "reasonable" rates for labor.  This CBA would likely have applied to hundreds of other MEDCOM employees who were "similarly situated" to JITS small number of temporary employees working at MEDCOM under the contract.

32. The CO wrongfully stated that JITS must bear all the cost of this negotiation and the costs were unallowable under relevant terms of the FAR.

33. The CO should not have directed JITS to incur substantial costs to negotiate "reasonable" rates from which the government would broadly benefit intending for JITS to not be reimbursed for its reasonable costs.

34. Wherefore, Plaintiff, JITS respectfully requests the Court to rule that that the CO breached his duty of good faith and fair dealing when he instructed JITS to negotiate on behalf of the government with no intent to reimburse JITS' costs thereby depriving JITS from the fruits of the contract.

35. JITS also respectfully requests the Court to rule that that the CO breached his duty of good faith and fair dealing when he deliberately mislead JITS into believing that a CBA was already in place and that the prevailing wages listed were the only labor costs.

## COUNT FOUR

## ATTORNEY'S FEES AND COSTS

36. Plaintiff incorporates by reference the allegations of paragraphs 1 through 35 as though fully set forth at length herein.

37. The Government's actions and/or inactions as set forth above constitute fundamental and material breaches of the Contract between the Government and JITS.

38. As a result of that above breaches of the Contract, JITS is entitled to recovery of attorneys' fees and costs pursuant to 28 U.S.C. §2412.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff, and against Defendant, in the amount of not less than **$105.000.76,** together with

8

interest from and after April 26, 2016. Plaintiff further respectfully requests that this Court award Plaintiff its costs in this action, including reasonable attorney's fees. Finally, Plaintiff requests such other and further relief as the Court determines may be just and proper.

July 1, 2020

                                      Respectfully submitted,

                                      s/Joseph A. Whitcomb
                                      Joseph A. Whitcomb
                                        Attorney for Just in Time Staffing, LLC
                                        Whitcomb, Selinsky, PC
                                        2000 S. Colorado Blvd., Ste 9500
                                        Denver, CO 80222
                                        joe@whitcomblawpc.com
                                        (303) 534-1958 Telephone
                                        (303) 534-1949 Facsimile